UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:24-CV-80400-RLR

| | |
|---|---|
| ANDRE CRAVENS, RYAN GAWRONSKI, DIANNA J. VIVEROS, GWENDOLYN KENNEDY, JEREMY ANGELLE and JOSEPH TYLER HALEY, *individually and on behalf of all others similarly situated,*<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>GARDA CL SOUTHEAST, INC., GARDA, CL GREAT LAKES, INC., GARDA CL CENTRAL, INC., GARDA CL SOUTHWEST, INC., AND GARDAWORLD CASH SERVICES, INC. D/B/A GARDAWORLD CASH U.S.,<br><br>　　　　　　　Defendants | |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT (ECF No. 59)**

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law [DE 59] for consideration of whether the Settlement[1] reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed Notice Program, Notices, Claims Process, and Claim Form be approved. Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for Preliminary Approval, the

---

[1] Unless otherwise indicated, capitalized terms used herein shall have the same definitions as those in Section II of the Settlement Agreement and Releases, attached to the Motion for Preliminary Approval as Exhibit A.

1

proposed Settlement Class should be preliminarily certified, and the proposed Notice Program, Notices, Claims Process, and Claim Form approved.[2]  Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

### Provisional Certification of the Settlement Class

1. The Court provisionally certifies the following Settlement Class for settlement purposes only, finding it is likely to final certify it at the final approval stage:

> All living individuals residing in the United States who Defendant sent or attempted to send a notice that their Private Information may have been impacted in the Data Incident. The Settlement Class specifically excludes: (a) all persons who are directors or officers of Defendants; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (d) any individual who timely and validly opts-out of the Settlement.

2. The Court has subject matter jurisdiction. Specifically, the Court finds that the Parties are minimally diverse, there are more than 100 members of the Settlement Class, and the amount in controversy exceeds $5,000,000 exclusive of interest and costs, as required by 28 U.S.C. § 1332.  The Court also has personal jurisdiction over the Parties and the Settlement Class.

3. The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the proposed Class Representatives are typical of absent Settlement Class members; the Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy.

---

[2] Except that the Court is removing the language from ¶18 permitting automatic discovery from any objectors.  If necessary, counsel may move for permission to conduct discovery.

Class Counsel is also adequate to represent the Settlement Class.

4. Plaintiffs Andre Cravens, Ryan Gawronski, Dianna J. Viveros, Gwendolyn Kennedy, and Jeremy Angelle are designated and appointed as the Class Representatives.

5. John A. Yanchunis of Morgan & Morgan and Jeff Ostrow of Kopelowitz Ostrow P.A. are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g). The Court finds that Mr. Yanchunis and Mr. Ostrow are experienced and will adequately protect the interests of the Settlement Class.

## Preliminary Approval of the Proposed Settlement

6. Upon preliminary review, pursuant to Fed. R. Civ. P. 23(e)(2) and the Eleventh Circuit's traditional *Bennett* factors, the Court finds the proposed Settlement is likely to be approved as fair, reasonable, and adequate at the Final Approval Hearing, otherwise meets the criteria for approval, and warrants issuance of Notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

## Final Approval Hearing

7. A Final Approval Hearing shall take place before the Court on **September 10, 2025 at 10:00 a.m.** at the Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401 to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Complaint should be dismissed with prejudice; (c) Settlement Class Members should be bound by the Releases set forth in the Settlement; (d) the proposed Final Approval Order and final judgment should be entered; and (e) the Class Counsel's Application for Attorneys' Fees and Costs should be granted. Any other

matters the Court deems necessary and appropriate will also be addressed at the hearing. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website. The hearing may be re-scheduled without further notice to the Settlement Class. Any changes in the date or time will be posted on the Settlement Website.

8. Class Counsel intends to seek an award of up to 33.33% of the Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs, to be paid from the Settlement Fund. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering Class Counsel's Application for Attorneys' Fees and Costs.

9. Class Counsel shall file the Motion for Final Approval and Application for Attorneys' Fees and Costs **no later than 45 days** before the original Final Approval Hearing date. At the Final Approval Hearing, the Court will hear argument on Class Counsel's request for attorneys' fees and costs.

10. Any Settlement Class Member that has not timely and properly opted-out from the Settlement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, no Settlement Class Member that has elected to opt-out from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

## Settlement Administration

11. Kroll Settlement Administration, LLC is appointed as the Settlement

Administrator, with responsibility for handling the Notice Program and overseeing the Claims Process. All Settlement Administration Costs incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in the Settlement.

## Notice to the Settlement Class

12. The Notice, including the Email Notice, Postcard Notice, and Long Notice Form, along with the Claim Form, attached as exhibits to the Settlement Agreement, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process, and thus are approved. Non-material modifications to the Notices and Claim Form may be made by written agreement of the Parties without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program and to perform all other tasks that the Settlement requires.

13. The Court finds that the form, content, and method of the Notices: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class members.

## Opting-Out of the Settlement Class

14. Any Settlement Class member that wishes to opt-out of the Settlement must submit a written notification of such intent by United States mail to the designated address established by the Settlement Administrator, postmarked no later than **30 days** before the original Final Approval

Hearing date. The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to opt-out of the Settlement Class. Any Settlement Class member who does not submit a valid and timely request to opt-out in the manner described herein shall be bound by the Settlement, including all Releases, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

15. Settlement Class Members cannot opt-out by telephone or email. "Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members, where an opt-out has not been signed by each and every individual Settlement Class Member, will not be allowed.

16. All Settlement Class members who submit valid and timely requests to opt-out of the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

## Objecting to the Settlement

17. A Settlement Class Member that complies with the requirements of this Preliminary Approval Order and the Agreement may object to the Settlement and/or Application for Attorneys' Fees and Costs.

18. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class member shall be received and considered by the Court, unless a written objection is submitted on or before the last day of the Objection Period, which shall be **30 days** before the original Final Approval Hearing date. For the objection to be considered by the Court, the written objection must include:

a. the objector's full name, mailing address, telephone number, and email address (if any);

b. the case name and case number, *Andre Cravens v. Garda CL Southeast, Inc.,* et al., Case No. 24-cv-80400;

c. documentation sufficient to establish membership in the Settlement Class, such as a copy of the Postcard Notice the objector received;

d. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

e. the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

f. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees and Costs;

g. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

7

    h.    the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

    i.    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

    j.    a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

    k.    the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may respond to any objection prior to the Final Approval Hearing.

19. Objections must be mailed to the Settlement Administrator, at the address listed on the Long Form Notice and which will also appear on the Settlement Website. The Settlement Administrator is responsible for filing any objections with the Court.

20. Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Preliminary Approval Order by appeal or any other means.

## Claims Process and Distribution Plan

21. The Settlement establishes a Claims Process for assessing and determining the validity and value of Claims and a methodology for paying Settlement Class Members that submit a timely, Valid Claim. The Court preliminarily approves this process.

22. Settlement Class members that qualify for and wish to submit a Claim shall do so in accordance with the requirements and procedures specified in the Settlement, including the

requirements and procedures in the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for any Settlement Class Member Benefits, but who fail to submit a Claim in accordance with the requirements and procedures specified in the Settlement, including the Claim Form requirements, shall be forever barred from receiving any such benefit. Such Settlement Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement, including the Releases, and the Final Approval Order and final judgment.

## **Termination of the Settlement and Use of this Order**

23.     This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Preliminary Approval Order, if the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date.  In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

24.     If the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date, then this Preliminary Approval Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any

party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

## **Stay of Proceedings**

25. Except as necessary to effectuate this Preliminary Approval Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and judgment, or until further order of this Court.

26. Upon the entry of this order, with the exception of Class Counsel's, Defendant's Counsel's, Defendant's, and the Class Representatives' implementation of the Settlement and the approval process in this Action, all members of the Settlement Class who have not opted out shall be provisionally enjoined and barred from asserting any claims or continuing any litigation against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement

## **Adjournment or Continuance of Final Approval Hearing**

27. The Court, at its direction, may adjourn or continue the Final Approval Hearing date without further written notice to the Settlement Class. If the Court does so, the new date shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website.

## **Jurisdiction Pending Settlement Approval**

28. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation

thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

## Summary of Deadlines

29. The Settlement, as preliminarily approved shall be administered according to its terms pending the Final Approval Hearing. The Court hereby sets the following schedule of events:

| EVENT | DATE |
|---|---|
| Deadline to commence Notice Program | Within 30 days of the Preliminary Approval Order |
| Deadline to complete Notice Program | 60 days before the original Final Approval Hearing date |
| Deadline for filing Motion for Final Approval, including Class Counsel's Application for Attorneys' Fees and Costs | 45 days before the original Final Approval Hearing date |
| Opt-Out Period Ends | 30 days before the original Final Approval Hearing date |
| Objection Period Ends | 30 days before the original Final Approval Hearing date |
| Final Approval Hearing | **September 10, 2025 at 10:00 a.m.** (or soon thereafter depending on the Court's availability). |
| Claim Form Deadline | 15 days before the original Final Approval Hearing date |

**DONE AND ORDERD** in Chambers, West Palm Beach, Florida, this 28th day of March, 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE